350 S.E.2d 3

**Elbert and Rosetta ZIRKLE**

v.

**Kenneth FAERBER, Commr., WV Dept. of Energy and Enoxy Coal, Inc.**

No. 17200.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 10, 1986.

Decided Oct. 28, 1986.

John C. Purbaugh, WVA Legal Services Plan, John McFerrin, APPALRED, Charleston, for petitioners.

Steve Barcley, Asst. Atty. Gen., Charleston, for respondents.

NEELY, Justice:

The petitioners brought this original mandamus proceeding to compel the Commissioner of the Department of Energy to permit them to comment on a proposed surface mining plan. The petitioners own and occupy approximately 172 acres on the Right Fork of Tenmile Creek of the Buckhannon River in Upshur County. Enoxy Coal, Inc. is the holder by lease of mining rights to over 700 acres in the basin of Right Fork of Tenmile Creek of the Buckhannon River, including the property owned by the petitioners.

In early September, 1985, Enoxy proposed to surface mine 717 acres on and near the petitioners' property. As part of its preparation for mining, Enoxy applied to the West Virginia Department of Energy ("DOE") for a permit pursuant to the West Virginia Surface Coal Mining and Reclamation Act, *W.Va.Code* 22A–3–1 *et seq.* [1985]. This application was approved as "complete" and Enoxy was permitted to begin advertising its application pursuant to *W.Va.Code* 22A–3–20 [1985] on 30 September 1985. The advertisement listed the petitioners as owners of "the area to be disturbed" and stated that comments and objections would be received until 21 November 1985.

On 18 November 1985, respondent commissioner returned Enoxy's permit application to Enoxy for correction of numerous deficiencies listed in a five page memorandum. On 20 November 1985, the petitioners filed timely comments and objections to the issuance of the Enoxy permit. These comments included a statement that the permit application was not "complete" because it did not contain design and water pollution data required by statute and regulations. Thus petitioner requested that the application be readvertised so that they and other members of the public could comment after it was revised by Enoxy to be "complete."

On 14 February 1986, Enoxy re-submitted its application. In addition to providing supplemental information requested by the DOE, the revised application also made changes in the mining plan. These changes included a change from area mining to contour mining, relocated sediment control structures, and changed the method of operation. Petitioners believe that the surface mine as proposed by Enoxy in this revised application would still interfere with their protected interests and would not comply with provisions of the West Virginia Surface Coal Mining Act.

On 9 May 1986, respondent issued a surface mining permit to Enoxy. Despite the petitioners' request, Enoxy's revised application and revised mining plan have never been made available for public comment and objection. Petitioners now request a writ of mandamus directing respondent to provide petitioners and other members of

the affected public with formal notice and an opportunity to review and object to Enoxy's completed permit application before any mining begins.

## I

■ *W. Va. Code* 22A–3–9(g) [1985] provides:

Within five working days of receipt of an application for a permit, the commissioner shall notify the operator in writing, stating whether the application is complete and whether the operator's advertisement may be published.

Thus, *W. Va. Code* 22A–3–9(g) [1985] clearly contemplates that only "complete" permit applications may be published. West Virginia Surface Mine Regulations, Chapter 20–6, Series VII (1985) defines "complete application" as follows:

§ 2.29 *Complete Application* means an application which contains all required maps, plans, designs and other application materials excluding bond.

■ DOE's memorandum to Enoxy of 18 November 1985, which rejected Enoxy's initial application and requested substantial revisions, catalogues a multitude of deficiencies in Enoxy's initial application. Inspection of this memorandum clearly indicates that Enoxy's initial application was not "complete" within the meaning of § 2.29. The respondent therefore erred in determining that the application was complete and in permitting Enoxy to publish its advertisement.

*W. Va. Code* 22A–3–18(a) [1985] provides: Upon the receipt of a surface-mining application or significant revision or renewal thereof, *including public notification and an opportunity for a public hearing*, the commissioner shall grant, require revision of, or deny the application for a permit within sixty days and notify the applicant in writing of his decision. [emphasis supplied]

*W. Va. Code* 22A–3–20 [1985] provides in pertinent part:

(a) At the time of submission of an application for a surface-mining permit or a significant revision of an existing permit

pursuant to the provisions of this article, the applicant shall submit to the department a copy of the required advertisement. At the time of submission, the applicant shall place the advertisement in a local newspaper of general circulation in the county of the proposed surface-mining operation at least once a week for four consecutive weeks.   * * *

(b) Any person having an interest which is or may be adversely affected, or the officer or head of any federal, state or local government agency, shall have the right to file written objections to the proposed initial or revised permit application for a surface-mining operation with the commissioner within thirty days after the last publication of the advertisement required in subsection (a) of this section. Such objections shall be immediately transmitted to the applicant by the commissioner and shall be made available to the public. If written objections are filed and an informal conference requested within thirty days of the last publication of the above notice, the commissioner shall then hold a conference in the locality of the proposed mining within three weeks after the close of the public comment period. Those requesting the conference shall be notified and the date, time and location of the informal conference shall also be advertised by the commissioner in a newspaper of general circulation in the locality at least two weeks prior to the scheduled conference date. * * *

■ The Surface Coal Mining and Reclamation Act thus clearly envisages a procedure where, after the application is complete, the operator advertises his intent to mine in a certain area, and invites the affected members of the public to file written objections to the application and to request an informal conference at which members of the public may voice their concerns. In this case this orderly scheme has been frustrated by the DOE's improvident determination that the initial application was complete. The revised application was not submitted until 14 February 1986, well after the thirty-day comment period prescribed by *W. Va. Code* 22A–3–20(b) [1985] had

**6**

elapsed. The petitioners have therefore had no opportunity to object to Enoxy's substantially revised (and now complete) application.

Respondent contends that *W.Va.Code* 22A–3–20 [1985] requires the commissioner to allow comments and objections in two situations only: 1) where a permit application is *initially* submitted; and 2) where revisions to an existing *permit* (as opposed to an existing *application*) are submitted. Because this case involves the revision of an existing *application,* respondent contends, the statute does not require the commissioner to entertain any further comments or objections.

■ We cannot say that the respondent's reading of the statute as written is incorrect. However, it is clear that the Act does not contemplate a situation where the DOE improvidently determines that an application is complete and the thirty-day comment period elapses before the complete application is submitted. What the statute *does* contemplate is the opportunity to object to *complete* permit applications. That opportunity has been denied here. Therefore, we hold that, where the operator's advertisement is published before the application for a surface-mining permit is actually complete, the operator's advertisement must be republished upon the submission of the complete application, and concerned parties must be permitted to comment as envisaged by *W.Va.Code* 22A–3–20(b) [1985].

■■ Our decision today should not be understood to require republication and comment every time a permit application is *revised.* Republication and comment are required only when the operator's advertisement is published before the permit application is *complete.*

## II

Respondent contends that mandamus is not appropriate in this case because petitioners have other adequate remedies at law. Specifically, respondent suggests: 1) administrative appeal to the Reclamation Board of Review under *W.Va.Code* 22–4–2 [1985]; and 2) a citizens' suit under *W.Va. Code* 22A–3–25 [1985].

■ "While mandamus is not available where another specific and adequate remedy exists, if such remedy is not equally as beneficial, convenient and effective, mandamus will lie." Syl. Pt. 4, *Cooper v. Gwinn,* 171 W.Va. 245, 298 S.E.2d 781 (1981). In this case, appeal to the Reclamation Board of Review is not equally beneficial, convenient and effective because the board has no power under *W.Va.Code* 22–4–2 [1985] to stay the permit issued by the DOE pending appeal. Likewise, under *W.Va.Code* 22A–3–25(b)(1)(A) [1985], the petitioners were prohibited from initiating a citizens' suit until sixty days after they had given notice to the commissioner of his violation of the statute. During that sixty day period, no relief could be obtained.

Accordingly, for the reasons set forth above the writ of mandamus for which petitioners pray is awarded.

Writ awarded.